IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius McDonald, | ) | C/A No.   5:12-cv-01725-RBH-KDW |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Marlboro County d/b/a the | ) | |
| Marlboro County Detention Center. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On May 30, 2012, Plaintiff Demetrius McDonald commenced this action against Defendant Marlboro County d/b/a the Marlboro County Detention Center in the Marlboro County, South Carolina, Court of Common Pleas.  In his Complaint, Plaintiff seeks damages for injuries sustained when he was arrested at Marlboro Park Hospital and transported to the Marlboro County Detention Center on June 1, 2010 after being injured in an automobile accident on May 31, 2010.  Defendants removed this action on June 22, 2012 asserting that Plaintiff's Complaint "seek[s] relief pursuant to the Constitution of the United States and federal statutes and authorities; therefore, the United States District Court for the District of South Carolina has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343." ECF No. 1.

This matter comes before the court on Plaintiff's Objection to Defendant's Notice of Removal and Motion for Remand filed on July 23, 2012.  ECF No. 8.  Defendant filed a Response in Opposition to Plaintiff's Motion to Remand on August 3, 2012.  ECF No. 10. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate

judge is authorized to review pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

A state court action may be removed by a defendant to a federal district court only if the state court action could have been filed originally in a federal district court. *See* 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. In determining whether removal was proper based on federal question jurisdiction, a district court must look to the plaintiff's state court pleading to determine the grounds for removal. "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Mickalis Pawn Shop, LLC v. Bloomberg*, 482 F. Supp. 2d 707, 710 (D.S.C. 2007) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Co.,* 29 F.3d 148, 151 (4th Cir. 1994) *(*citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921)).

In his Motion for Remand, Plaintiff contends that he has brought his action pursuant to the South Carolina Tort Claims Act and that "any federal law issues pleaded by Plaintiff are mere components establishing his main, state-law claims under the South Carolina Torts Claim Act." ECF No. 8 at 2. Plaintiff contends that his Complaint does not "depend on the resolution of a substantial question of federal law" and the constitutional violations alleged in his Complaint are peripheral to his main claim brought under the South Carolina Torts Claim

Act.  *Id.* at 5.   Plaintiff argues that the court should exercise its discretion and remand this case under 28 U.S.C. § 1441(c).

"A prisoner has a right to sue for tort damages in state court without bringing the United States Constitution into play." *Cruel v. County of Greenville*, 617 F. Supp. 2d 436, 439 (D.S.C. 2007). While Plaintiff argues that his allegations that his constitutional rights were violated are supplemental to his state law claim, this court is not bound by Plaintiff's characterization of his case.   *See Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-45 (E.D.N.C. 1992) (finding that district courts are authorized to disregard Plaintiff's characterization of a case to avoid "unjust manipulation or avoidance of its jurisdiction.") Here, Plaintiff's Complaint specifically makes reference to his constitutional rights and asserts a claim pursuant to 42 U.S.C. § 1983.  In the section labeled "Jurisdiction," the first paragraph states: "This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution .…" ECF No. 1-1 at 4. Further, Plaintiff sets forth a specific cause of action under § 1983, and seeks attorney fees pursuant to §1988.  ECF No. 1-1 at 8-9.  Accordingly, the undersigned finds that Plaintiff's Complaint raises sufficient federal question jurisdiction.   Based on the foregoing, it is recommended that Plaintiff's Objection to Defendant's Notice of Removal and Motion for Remand, ECF No. 8, be DENIED.

IT IS SO RECOMMENDED.

September 10, 2012                                        Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge