IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Demetrius McDonald, ) | Civil Action No.: 5:12-cv-01725-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Marlboro County, *doing business as* ) | |
| Marlboro County Detention Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Demetrius McDonald filed this action, alleging claims under 42 U.S.C. § 1983 and the South Carolina state tort law against the Defendant Marlboro County. Defendant filed a motion for summary judgment; however, Plaintiff failed to respond. This matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West. In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's action against Defendant for failure to prosecute.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific

error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Defendant filed a motion for summary judgment on April 25, 2013; however, Plaintiff did not file a response. In a May 16, 2013 text order, the Magistrate Judge ordered Plaintiff to file a memorandum in response to Defendant's motion. The Magistrate Judge informed Plaintiff that "if he fails to comply . . . , [she] will recommend his case be dismissed with prejudice for failure to prosecute." ECF No. 38. Despite this order, Plaintiff never responded. As a result of Plaintiff's noncompliance, the Magistrate Judge issued an R&R on May 31, 2013, recommending that Plaintiff's action be dismissed for his failure to prosecute. R&R, ECF No. 41.

Plaintiff subsequently filed objections to the R&R on June 5, 2013. Pl.'s Objs., ECF No. 42. In the objections, his counsel indicated that a computer virus caused court notices to be "incorrectly placed in the junk mail instead of the proper office email[] address. Plaintiff's counsel was not aware of the deadlines in this case" until a computer expert located the emailed notices that had been deleted. *Id.* at 1. Plaintiff argues that the dismissal of his case "[t]he lack of response to Defendant's motion, inadvertently due to computer problems, should not be construed by the erroneous admission of the statement that [he] abandons his action." *Id.* at 3.

Defendant filed a reply to Plaintiff's objections. ECF No. 46. Defendant acknowledges that Plaintiff's objections are supported by "a series of emails and data notes between counsel for the Plaintiff and counsel's computer software supplier/technician." *Id.* at 1. It requests that, "should

2

Plaintiff's requested relief be granted[,] the court amend the current scheduling order" to permit mediation of the action after Defendant's motion for summary judgment is ruled on. *Id.*

The Court has thoroughly reviewed the record, the R&R, Plaintiff's objections to the R&R, Defendant's reply to Plaintiff's objections, and applicable law. As a result of Plaintiff's excusable neglect, the Court hereby rejects the R&R. *See* Fed. R. Civ. P. 6(b)(1)(B).

**IT IS THEREFORE ORDERED** that Plaintiff shall file his response to Defendant's motion for summary judgment no later than **FRIDAY, JUNE 28, 2013**. Defendant may file a reply pursuant to Local Civil Rule 7.07 (D.S.C.).

**IT IS FURTHER ORDERED** that the deadline for completing mediation shall be extended in the event the Court ultimately denies the motion for summary judgment. The parties shall mediate the case within thirty days after such a ruling by the Court. Accordingly, this action is **REMANDED** to the Magistrate Judge for further proceedings consistent with this order.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 18, 2013