UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demetrius McDonald, | ) | C/A No.  5:12-cv-1725-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Marlboro County d/b/a the Marlboro | ) | |
| County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the South Carolina Tort Claims Act, ("SCTCA"), S.C. Code Ann. § 15-78-10 *et seq.*, alleging violations of his constitutional rights while detained at the Marlboro County Detention Center ("MCDC").[1] This matter is before the court on the Motion for Summary Judgment filed by Defendant on April 25, 2013. ECF No. 36.  Plaintiff responded to Defendant's Motion for Summary Judgment on June 28, 2013.[2] ECF No. 52. Defendant filed a Reply on July 11, 2013. ECF No. 53.  Defendant's Motion is now ripe for consideration.  This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B).

---

[1] Plaintiff filed his Complaint in South Carolina Court of Common Pleas, County of Marlboro on May 30, 2012. *See* ECF No. 1-1. Defendant removed the case to this court on June 22, 2012. ECF No. 1. Plaintiff moved to remand the case to state court, ECF No. 8, and the court denied the motion, ECF No. 17.

[2] After Plaintiff failed to timely file a response to Defendant's Motion for Summary Judgment the undersigned recommended this matter be dismissed for failure to prosecute. ECF No. 41. Plaintiff objected to the Report asserting that his counsel's computer problems prevented him from responding. ECF No. 42. The court declined to adopt the Report and allowed Plaintiff to file a response to the Motion for Summary Judgment. ECF No. 47.

Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I.   Background

Plaintiff brought this action seeking compensatory and exemplary damages for alleged violations that occurred while he was a pretrial detainee at MCDC. Compl., ECF No. 1-1. In the early morning hours of May 31, 2010, Plaintiff was a passenger in a motor vehicle that was involved in an accident. *Id.* at 2. Plaintiff was transported by ambulance to Marlboro Park Hospital, where he was treated for his injuries. *Id.* While Plaintiff was in the hospital, at approximately 11:30 a.m. on June 1, 2010, the Marlboro Deputy Sheriff arrested Plaintiff and transported him to the MCDC. *Id.* Plaintiff alleges that he was placed in a holding cell, denied medical care, and "had to stay in the holding cell in his feces and urine because he could not move until he was able to bond out on June 2, 2010." *Id.* at 3. Plaintiff asserts that after he was released on bond, he was taken by ambulance back to the Marlboro Park Hospital, then immediately transported to Carolinas Hospital in Florence, South Carolina, for spinal surgery. *Id.*

Plaintiff filed his Complaint on May 30, 2012, alleging constitutional violations and other deprivations against Defendant Marlboro County. Specifically, Plaintiff's first cause of action, brought pursuant to the SCTCA, complains that Defendant, as well as its agents, servants, and/or employees acting within the course of their employment, were grossly negligent, willful, and reckless in the following areas:

 a. Failure to hire adequate and proper personnel;

 b. Failure to properly and adequately train employees and personnel;

 c. Failure to properly and adequately supervise employees or personnel in order to insure that they were properly performing their jobs or assignments;

2

      d.  Failure to take steps to protect Plaintiff once informed that Plaintiff was severely injured; and

      e.  Depriving Plaintiff of the rights and privileges available to him under the constitutions and laws of South Carolina and of the United States.

*Id.* at 4. Plaintiff further alleges a state-law cause of action for outrage based on Defendant's failure to take steps to protect Plaintiff from his life-threatening injuries, and a cause of action pursuant to § 1983 for "deliberate indifference to [his] Constitutional Rights," and for cruel and unusual punishment. *Id.* at 5-6.

II.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts

that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

III.    Analysis

      A. Deliberate Indifference to Serious Medical Need

Defendant moves for summary judgment arguing that Plaintiff failed to assert or prove deliberate indifference to a serious medical need. Def.'s Mem. 3, ECF No. 36-1. The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle*, 429 U.S. at 105. In order to prevail on a cause of action for deliberate indifference to medical needs, a plaintiff must show that the named defendant was deliberately indifferent to his serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle*, 429 U.S. at 104-05. Deliberate indifference to a serious medical need requires proof that each defendant knew of and disregarded the risk posed by the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 837. In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. *Sosebee v. Murphy*, 797 F.2d 179, 182-83 (4th Cir. 1986). The Fourth Circuit defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

4

recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008). Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.")

Defendant asserts that "detention center employees received no heightened treating physician's orders and therefore could not fail to follow them." *Id.* Defendant offers the affidavit of Nurse Stubbs who avers that she reviewed Plaintiff's medical records for the time period Plaintiff was at the MCDC. Stubbs Aff. ¶¶ 2-3, ECF No. 36-2. The records do not indicate that Plaintiff complained of serious back pain, but the records do note that Plaintiff asserted he was unable to walk without assistance. *Id.* ¶ 3. Plaintiff was seen by Dr. Bush at MCDC. *Id.* ¶ 4. Other MCDC personnel attest that Plaintiff did not make them aware of any complaints of back pain until just prior to his discharge from MCDC on June 2, 2010. Byers Aff. ¶ 4, 6; Leggett Aff. ¶ 4. Defendant also provides as exhibits MCDC's Policies and Procedures regarding Intake and Booking of Inmates, Medical Services Screening, and Grievances. ECF Nos. 36-8, 36-9, and 36-12.

Plaintiff asserts in response that MCDC's "deliberate indifference to the Plaintiff's well-being is illustrated by the fact that [Plaintiff] was not provided with the instructions from the hospital." ECF No. 52 at 4. Plaintiff attaches a copy of the Emergency Room Discharge Instructions that notes the following Special Instructions: "Follow up with Dr. Patel on this week, and also follow up with Dr. Qureshi in Cheraw. Take all medications as directed. If conditions gets [sic] worse, return to the ER." ECF No. 52-2.  Plaintiff also alleges that he "had difficulty receiving his prescribed medications on time, and he was housed alone in a holding cell." ECF No. 52 at 4. Plaintiff argues that Defendant provided "no evidence that Dr. Bush treated [Plaintiff] for his fracture[d] spine or any communication with Marlboro Park Hospital about [Plaintiff's] medical condition and follow up of his medical instructions." *Id.* at 5. However, Plaintiff testified in his deposition that he was seen by the "jailhouse doctor" who gave him Tylenol. Pl. Dep. 49:7-50:1, ECF No. 36-3.

Plaintiff also argues that Defendant's witnesses offer inconsistent testimony regarding Plaintiff's physical condition. ECF No. 52 at 4-5. As evidence of this inconsistency, Plaintiff asserts that Officer Byers attested that Plaintiff did complain that his back was sore while he was housed at MCDC, and Assistant Warden Leggett attested that Plaintiff did not complain of back pain until discharge. *Id.*  In his affidavit Byers stated that Plaintiff "did complain that his back was sore just prior to release and I assisted in making him more comfortable and getting him dressed." Byers Aff. ¶ 4.  Byers further attested that he witnessed Plaintiff's property release request on June 2, 2010, and "[n]either at that time nor any other time did [Plaintiff] complain of serious injury or pain to me other than at the time of his release." *Id.* ¶ 6.  This testimony is consistent with Assistant Warden Legget's affidavit that stated Plaintiff "did complain at the

6

time of discharge that his back was sore and I assisted in discharging him including arranging transportation to the hospital upon discharge and release." Leggett Aff. ¶ 4.

Plaintiff testified that he complained to MCDC personnel from his intake until his release that his legs hurt and he was having leg spasms. Pl. Dep. 45:3-7, 47:1-6, ECF No. 36-3. Plaintiff stated that when he complained of pain the officers would come into his holding cell to help him sit up or switch his weight from side to side. Pl. Dep. 48:19-49:5.

The undersigned has reviewed the record and finds that Plaintiff has failed to furnish facts or evidence sufficient to survive summary judgment. Plaintiff has not offered any evidence that his injuries constituted an objectively serious condition or risk of harm, or that Defendant was deliberately and intentionally indifferent to his needs of which it was aware at the time. To the extent Plaintiff contends that Defendant was deliberately indifferent to a serious medical need, the record indicates that Defendant did not act with the intent to cause Plaintiff harm or with a reckless disregard of a risk of harm. *See Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (finding that the denial of attention for a serious medical need must be both deliberate and without penological objective). Plaintiff was evaluated by MCDC medical personnel, and MCDC officers attempted to make Plaintiff more comfortable while he was confined in the holding cell. Accordingly, the undersigned recommends granting Defendant's Motion for Summary Judgment for Plaintiff's deliberate indifference claim.

B.  SCTCA Gross Negligence Claim

Defendant also argues summary judgment is appropriate because Plaintiff has not set forth facts sufficient to constitute a cause of action for gross negligence. ECF No. 36-1 at 5. A claim for gross negligence is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Pink v. Lester*, 52 F.3d 73

7

(4th Cir. 1995). Negligence is a cause of action under state law, and § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Services*, 489 U.S. 189, 200–03 (1989). This court would have jurisdiction over Plaintiff's SCTCA claim because it is part of the same case or controversy, arising from a common nucleus of operative fact, as Plaintiff's § 1983 claim. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The SCTCA provides that a governmental entity is liable for loss resulting from the supervision, protection, control, confinement, or custody of a prisoner if conducted in a grossly negligent manner. S.C. Code Ann. § 15-78-60 (25). "Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Etheredge v. Richland Sch. Dist. One*, 534 S.E.2d 275, 277 (S.C. 2000) (citing *Clyburn v. Sumter Cnty. Dist. Seventeen*, 451 S.E.2d 885 (S.C. 1994); *Richardson v. Hambright*, 374 S.E.2d 296 (S.C. 1988)). Gross negligence is the failure to exercise slight care. *Etheredge*, 534 S.E.2d at 277. "[W]hile gross negligence ordinarily is a mixed question of law and fact, when the evidence supports but one reasonable inference, the question becomes a matter of law for the court." *Id.*

Defendant argues that it has submitted evidence that MCDC personnel conducted themselves appropriately according to established policies and procedures. ECF No. 36-1 at 5. In response Plaintiff asserts Defendant's failure to properly and adequately train and supervise its employees and personnel, and alleges that "Defendant's employees took no steps to protect Plaintiff once Defendant was informed that Plaintiff was severely injured in an auto accident." ECF No. 52 at 6. Plaintiff asserts "Defendant deprived the Plaintiff of the rights and privileges available to him under the Constitutions, statutes and laws of the State of South Carolina and the United States of America." *Id.*

Plaintiff has presented no evidence of gross negligence on the part of Defendant. Plaintiff's Discharge Instructions do not indicate that Plaintiff was severely injured, or that he required specialized care. ECF No. 52-2. Plaintiff's own testimony indicates that MCDC personnel responded to his complaints of leg pain and attempted to assist him into more comfortable positions. Pl. Dep. 48:19-49:5. Plaintiff offers no evidence that Defendant failed to follow MCDC Policies and Procedures. As a result, the undersigned recommends granting Defendant's motion for summary judgment as to Plaintiff's SCTCA claim.

### C. Failure to Exhaust

Defendant argues that under the Prison Litigation Reform Act ("PLRA") Plaintiff was required to exhaust his administrative remedies for filing a § 1983 action, and Plaintiff's action should be dismissed for failure to exhaust. ECF No. 36-1 at 6. Plaintiff responds that he was unable to file a grievance at MCDC due to his limited time of incarceration and disability. ECF No. 52 at 7.

Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). "[T]hose remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

Defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). The undersigned finds that this District has agreed with the great weight of authority holding the exhaustion requirement does not apply to suits filed by former prisoners. *Wilson v. Hampton Cnty.*, No. 9:05–1777–PMD, 2005 WL 2877725, at *3 (D.S.C. Oct. 31, 2005) ("[I]n light of both the statutory language and the relevant case law from other circuits, the Court holds that the exhaustion-of-remedies requirement in the PLRA does not apply to plaintiffs who file § 1983 actions after being released from prison."); *see also Randolph v. State*, 74 F. Supp. 2d 537, 541 (D. Md. 1999) (holding plaintiff was not a "prisoner" as defined by the PLRA when he filed suit). Accordingly, Defendant is not entitled to summary judgment for Plaintiff's failure to exhaust administrative remedies.

### D. Improper Defendant

Finally, Defendant argues that Plaintiff sued the wrong defendant. ECF No. 36-1 at 7. Defendant asserts that under South Carolina law, the detention center is the responsibility of the sheriff of Marlboro County. Therefore, "Plaintiff's suit should properly be against the Sheriff of Marlboro County, not Marlboro County." *Id.* In support of its argument Defendant cites South Carolina Code § 24-5-10 which states that the "sheriff shall have custody of the jail in his county." Plaintiff argues that the sheriff is an agent of the Marlboro County governing body and the "proper Defendant is Marlboro County d/b/a the Marlboro County Detention Center." ECF No. 52 at 7. Plaintiff further argues that Defendant cannot meet its burden "where it does not even bother to proffer evidence that the Plaintiff's suit should properly be against the Sheriff of Marlboro County, not Marlboro County." *Id.* Plaintiff asserts that if the sheriff is the proper defendant, he should be allowed to amend his suit.

Plaintiff subsequently filed a Motion to Amend Complaint seeking to add Sheriff Fred Knight and the Marlboro Sheriff Department as defendants. ECF No 55. Because the undersigned recommends that Defendant's Motion for Summary Judgment be granted on the relative merits of Plaintiff's claims, Plaintiff's Motion to Amend should be denied as futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). The analysis set out above would not be impacted by the naming of the additional defendants Plaintiff seeks to add. Furthermore, in South Carolina, a sheriff's department is considered an alter ego or arm of the state and is therefore not a person subject to suit in an § 1983 action. *James v. Lancaster Sheriff's Dep't*, No. 0:13-210-JFA-SVH, 2013 WL 3938962, at *3 (D.S.C. July 30, 2013) (citing *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd*, 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (noting suit against the sheriff's office is suit against the state); S.C. Code § 23-13-550).

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 36, be **granted,** and the case be dismissed with prejudice. Plaintiff's Motion to Amend, ECF No. 55, should be **denied** as futile.

IT IS SO RECOMMENDED.

August 26, 2013                                           Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**