IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Demetrius McDonald, | ) | Civil Action No.: 5:12-cv-1725-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Marlboro County d/b/a the Marlboro | ) | |
| County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROCEDURAL HISTORY

Plaintiff filed this action on May 30, 2012 in the Marlboro County Court of Common Pleas alleging a federal cause of action pursuant to 42 U.S.C. §§ 1983 and 1988, violation of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*, and a state law claim for the tort of outrage. Compl., ECF No. 1-1. Defendant removed the action to this Court on June 22, 2012. Notice of Removal, ECF No. 1. On April 25, 2013, Defendant filed a Motion for Summary Judgment. Mot. for Summ. J., ECF No. 36. The Court issued a Text Order on May 16, 2013 directing Plaintiff to file a legal memorandum in response to the Motion for Summary Judgment no later than May 30, 2013 if Plaintiff wished to pursue his case. Order, ECF No. 38. Plaintiff did not respond prior to this deadline and, as a result, the Magistrate Judge issued a Report and Recommendation which recommended that the action be dismissed for failure to prosecute. Report and Recommendation, ECF No. 41. Plaintiff objected to the Report and Recommendation, citing an issue with counsel's email system and a resulting failure to receive notifications from the Court. Pl's Objections, ECF No. 42. Accordingly, this Court rejected the Report and Recommendation by Order dated June 18, 2013, and ruled that Plaintiff could file a response no later than June 28, 2013.

Order, ECF No. 47.  Plaintiff timely filed a Response in Opposition to Defendant's Motion for Summary Judgment on June 28, 2013.   Pl's Resp. in Opp'n to Def's Motion for Summ. J., ECF No. 52.  Plaintiff also filed a Motion to Amend Complaint and Extension of Deadline on July 17, 2013.  Mot. to Am., ECF No. 55.

This matter is now before the undersigned for review of the Report and Recommendation ("R & R") filed by United States Magistrate Judge Kaymani D. West, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g) (D.S.C.).   *See* R & R, ECF No. 58.  In her Report, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted on all claims and Plaintiff's Motion to Amend be denied as futile.  Plaintiff filed objections to the Report on September 12, 2013.   *See* Pl's Objections, ECF No. 60.  Defendant filed a reply to the objections on September 30, 2013.   *See* Def's Reply to Pl's Objections, ECF No. 62.

For the following reasons, the Court adopts the Report and Recommendation in part and respectfully rejects the Report and Recommendation in part as specified herein.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## FACTS

The court agrees with the factual and procedural background as set forth by the Magistrate Judge in her Report and Recommendation.[1]

## DISCUSSION

### I. Plaintiff's Motion to Amend

The Court will first address Plaintiff's Motion to Amend. In the motion, Plaintiff argues that the Court should allow amendment of the original Summons and Complaint to assert claims against Sheriff Fred Knight and the Marlboro County Sheriff's Department. ECF No. 55 at 1. The Magistrate Judge recommends that Plaintiff's motion be denied as futile. Plaintiff objects, arguing that amendment should be allowed because "the parties are not prejudiced with an amended

---

[1] Briefly stated, Plaintiff alleges that he was injured in a motor vehicle accident on May 31, 2010 and taken to Marlboro Park Hospital. ECF No. 1-1 at 2. While in the emergency room at the hospital, on June 1, 2010, he was arrested and transported to the Marlboro County Detention Center ("MCDC"). *Id.*; ECF No. 52-4 at 37:6-17. He alleges that while he was held at MCDC he was placed in a holding cell, denied medical care, and "had to stay in the holding cell in his feces and urine because he could not move until he was able to bond out on June 2, 2010." ECF No. 1-1 at 2–3. Finally, Plaintiff asserts that when he was released on bond he was taken by ambulance back to Marlboro Park Hospital, then immediately transferred to Carolinas Hospital in Florence, South Carolina for spinal surgery. *Id.* at 3.

3

complaint and extension of time to conduct the completion of discovery." ECF No. 60 at 8. Plaintiff's counsel also argues that she was under the "misimpression given . . . by the defense that discovery was not over" and that the amended scheduling order "did not preclude further discovery." *Id.* Plaintiff's counsel asserts that Plaintiff would be prejudiced if the Motion to Amend is denied. *Id.* Finally, Plaintiff's counsel argues that the amendment should be allowed to relate back to the date of the original pleading in the event the motion is granted. *Id.* While the Court agrees with the Magistrate Judge that the motion to amend should be denied, it modifies the rationale set forth in the R & R. Accordingly, the motion is denied for the reasons set forth below.

### 1. Standard for Amending Complaint

Ordinarily, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999) (noting that the disposition of a motion to amend is within the sound discretion of the district court). A district court may deny a party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). If amendment is proper, Rule 15(c) allows for an amendment to relate back to the date of filing of the original pleading provided at least one of three criteria is met. *See* Fed R. Civ. P. 15(c)(1)(C)(1)-(3).

Here, Plaintiff seeks to amend the complaint long after the deadline provided by the scheduling order for amending pleadings has passed. *See* Scheduling Order, ECF No. 6. "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). The "good cause" requirement of Rule 16(b) is unlike the more lenient

standard of Rule 15(a) in that Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party," but focuses on the diligence of the party seeking amendment. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). "'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). However, "[g]ood cause is not shown when the amendment could have been timely made." *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003) (quoting *Aventis Cropscience N.V. v. Pioneer Hi–Bred Int'l, Inc.*, No. 1:02-CV-00146, 2002 WL 31833866, *2 (M.D.N.C. Dec.12, 2002)) (internal quotation marks omitted). If a party was not diligent, the good cause inquiry should end. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The "good cause" requirement of Rule 16(b) is a threshold analysis to determining whether relation back is proper; thus, if good cause is not shown the inquiry ends. *See, e.g.*, *Gullo v. City of New York*, No. 10 Civ. 8516(BSJ)(DF), 2012 WL 4834182, at *2 (S.D.N.Y. Oct. 11, 2012) ("Although Judge Freeman also addressed whether the otherwise time-barred claims in the proposed amended complaint would be allowed on a theory of 'relation back' under Rule 15(c), the threshold decision before her, and before the Court, is whether Plaintiffs had good cause to violate the Scheduling Order."); *United States v. Goodwin*, No. 5:06-CV-221-D, 247 F.R.D. 503, 508 (E.D.N.C. 2007) ("Finding a lack of 'good cause' as required by Rule 16(b), the court need not analyze the government's motion under Rule 15."); *Westfall v. Kendle Int'l CPU, LLC*, No. 1:05-cv-00118, 2007 WL 486606, at *5 (N.D.W. Va. Feb. 15, 2007) ("Because I denied adding the proposed plaintiffs

addition to the complaint, plaintiff's motions to allow the proposed plaintiffs' claims to relate back to the filing of the complaint is **DENIED** as **MOOT**.").

## 2. Analysis

Plaintiff's Motion to Amend states that it is made "pursuant to Rule 15 of the Federal Rules of Civil Procedure." ECF No. 55 at 1. Although Plaintiff only makes a cursory reference to Rule 16, the discussion does include some analysis of whether the "good cause" standard has been met. Plaintiff asserts that good cause has been shown because "additional time is needed to complete the discovery in this matter and prepare it for mediation and/or trial," and the amendment to assert claims against the additional proposed defendants "will allow the parties additional time to complete discovery and prepare the case for trial." *Id.* at 1–2. Finally, Plaintiff's counsel asserts that Plaintiff would be prejudiced if amendment was barred in light of the "age of the case, the amount of costs Plaintiff has in it conducting discovery under the misrepresentation given to Plaintiff by the defense, and the fact that discovery is over." *Id.* at 2.

As previously discussed, the Rule 16 standard applies in this case because the deadline for amending pleadings has long since expired. An initial scheduling order was entered on June 26, 2013, which specified the deadline for amending pleadings was September 24, 2012.[2] The scheduling order was subsequently modified twice, but not until February 5, 2013, months after the deadline for amending pleadings expired. The first modification occurred when the court granted an extension to file dispositive motions on February 5, 2013. Text Order, ECF No. 30. Later, the court

---

[2] The original scheduling order also specified that the deadline for conducting discovery was January 21, 2013. Plaintiff's motion to amend acknowledges "the fact that discovery is over," ECF No. 55 at 2, but Plaintiff's Objections to the R & R state that "discovery has not yet even been allowed to be completed," ECF No. 60 at 2. After reviewing the record, it is manifestly clear that the deadline for discovery was January 21, 2013, and that this deadline was never modified by the Court. Accordingly, the Court finds that the discovery period concluded on January 21, 2013.

modified the scheduling order to extend the deadlines for filing motions, filing Rule 26(a)(3) pretrial disclosures, jury selection, pretrial briefs, and motions in limine by entering an Amended Scheduling Order on March 7, 2013. *See* Am. Scheduling Order, ECF No. 35. Again, the deadline for amending pleadings was and always had been September 24, 2012.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours*, 867 F. Supp. 1238, 1250 (D.S.C. 1994). As the case law cited above explains, the key to the "good cause" analysis of Rule 16 is whether the party was diligent in seeking to amend. *Dilmar Oil Co.*, 986 F. Supp. at 980. The deadline to amend pleadings was September 24, 2012. Plaintiff's counsel first sought to amend his Complaint on July 17, 2013, over nine months after the deadline to amend had passed. This extensive delay shows a lack of diligence in attempting to amend the complaint.

Plaintiff's motion appears to be based in part on the argument contained in Defendant's Motion for Summary Judgment asserting that Plaintiff sued the wrong defendant. However, the motion for summary judgment was filed on April 25, 2013. Even if Plaintiff was unaware of the purported need to add additional defendants until that juncture, Plaintiff's counsel waited nearly three additional months before filing the motion to amend. Accordingly, the Court cannot find the requisite diligence sufficient to show "good cause" in light of these delays.

However, even if the Court found good cause, Plaintiff's proposed amendment would be futile as to the § 1983 claim, which is the only claim the Court addresses on the merits. Plaintiff seeks to amend the Complaint to add both Marlboro County Sheriff Fred Knight and the Marlboro County Sheriff's Department. Pursuant to South Carolina law, a Sheriff's Department is an arm of the state and thus is not a person subject to suit under § 1983. *See James v. Lancaster Sheriff's Dept.*,

7

No. 0:13-210-FJA-SVH, 2013 WL 3938962, at *1 (D.S.C. July 30, 2013). Moreover, the Sherriff is also not subject to suit in his official capacity under § 1983. *See Gulledge v. Smart*, 691 F. Supp. 947, 954–55 (D.S.C. 1988). Accordingly, amendment would be futile to add either the Sheriff's Department or the Sheriff in his official capacity.

Plaintiff has not asserted that Sheriff Knight was personally involved in his treatment at the detention center either, which is a requirement to sue a state official in their individual capacity. *See Lemon v. Sheriff of Sumter County*, 2012 WL 570197, at *5 (Feb. 22, 2012) ("In order to hold the Sheriff liable in his individual capacity, a plaintiff must demonstrate some direct involvement on the part of the Sheriff."). Therefore, to the extent Plaintiff seeks to assert a claim against the Sheriff in his individual capacity, it would not survive a motion to dismiss, rendering any amendment futile here as well. *See Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012).

Plaintiff's Motion to Amend, therefore, is denied. Because the Motion to Amend is denied, Plaintiff's request that any amendment be allowed to relate back is moot.

**II.    Defendant's Motion for Summary Judgment**

Defendant's Motion for Summary Judgment specifically attacks both Plaintiff's § 1983 claim and violation of the South Carolina Tort Claims Act claim. *See* Mem. in Supp. of Mot. for Summ. J., ECF No. 36-1 at 3–5. The motion does not address the merits of Plaintiff's outrage claim. However, the motion asserts procedural deficiencies with all of the claims asserted by Plaintiff. *Id.* at 5–7. Accordingly, Defendant requests summary judgment as to each of Plaintiff's claims. The Magistrate Judge recommends granting Defendant's motion in its entirety. For the reasons stated below, the Court adopts the Magistrate Judge's recommendation that Defendant's motion should be granted as to Plaintiff's § 1983 claim, as modified, and respectfully rejects the recommendation as to

8

Defendant's state law claims. The Court declines to exercise supplemental jurisdiction over the state law claims and, accordingly, declines to address Defendant's contention that summary judgment should be granted on the state tort claims.

### 1. Summary Judgment Standard

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine dispute for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or by "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine dispute as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine dispute has been raised, a Court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand a summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'n Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

### 2. Analysis

The Magistrate Judge recommends granting Defendant's Motion for Summary Judgment on Plaintiff's § 1983 claim. ECF No. 58 at 4–7. Specifically, the Magistrate Judge notes that Plaintiff failed to offer any evidence demonstrating that his injuries constituted an objectively serious condition or risk of harm, or that Defendant was deliberately and intentionally indifferent to his needs of which it was aware at the time. *Id.* at 7. Moreover, the Magistrate Judge reasons that to the extent Plaintiff contends Defendant was deliberately indifferent, the record indicates Defendant did not act with the intent to cause Plaintiff harm or with a reckless disregard of a risk of harm. *Id.* Accordingly, the Magistrate Judge recommends granting Defendant's Motion for Summary Judgment as to Plaintiff's § 1983 claim. *Id.*

In response, Plaintiff filed objections to the R & R. The Court may only consider objections to the R & R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985).

Again, "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Thus, the Court shall conduct a *de novo* review of those objections it deems proper.

Plaintiff's objections primarily revolve around the assertion that Defendant's motion for summary judgment was premature. ECF No. 60 at 1. Plaintiff cites the need to amend the complaint and/or the need for "completion of the amended scheduling order and discovery deadlines" as reasons why summary judgment should be denied. *Id.* Plaintiff cites a litany of "pertinent discovery" that is needed to resolve certain issues of fact. *Id.* at 2–3. Plaintiff also notes the need to depose several potential witnesses. *Id.* at 3–4. Aside from the discovery related objections, Plaintiff also asserts that questions of fact exist regarding the doctrine of respondeat superior. *Id.* at 5–6. Finally, Plaintiff makes a broad assetion that numerous questions of fact exist which preclude granting summary judgment. *Id.* at 9.

### A. There is no Genuine Issue of Material Fact

First, the Court must consider Plaintiff's § 1983 federal claim in light of the existing named defendants. To the extent Plaintiff suggests that Marlboro County is liable in a supervisory capacity, this claim must fail. First, the Court agrees with Defendant that Marlboro County is likely not the proper party to assert this claim against. Under South Carolina law the sheriff of each county has custody of the jail in his county. S.C. Code Ann. § 24-5-10. Plaintiff has not provided any evidence indicating that the MCDC is governed by Marlboro County rather than the Sheriff. However, even if Marlboro County controlled the MCDC, the claim would fail because there is no evidence that any established municipal policy or custom caused the Plaintiff's injury.

The Supreme Court has emphasized that municipal liability under § 1983 does not amount to *respondeat superior*. *Santos v. Frederick County Bd. of Comm'rs*, 725 F.3d 451, 469–70 (4th Cir. 2013) (citing *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). "Consequently, a municipality is subject to Section 1983 liability only when its 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury . . . .'" *Id.* at 470 (quoting *Monell*, 436 U.S. at 694). "The requirement that the allegedly unconstitutional act stems from an established municipal policy or the actions of a final policymaker ensures that the municipality is 'responsible' for the alleged violations of a plaintiff's constitutional rights." *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

Even if Marlboro County was the proper defendant, Plaintiff has provided no evidence of any policy or custom which purportedly inflicted his injury. Defendant, however, has provided both evidence that MCDC had policies specifically designed to **prevent** an injury like Plaintiff's, and that the county complied with these policies. The policies and procedures provided by Defendant state that an inmate is to be examined to ensure they are in "good mental and physical health" prior to admission and that a corrections officer must complete a Medical Screening form. ECF No. 36-8. If the inmate is visibly injured or obviously physically ill "the officer will request that a medical staff person examine the individual." *Id.* Moreover, if it appears the person needs prompt medical attention that the facility cannot provide, admission should be "refused" until a physician approves admission in writing. *Id.* Defendant provided an affidavit from Nurse W. Stubbs, the individual who completed Medical Screening form, and attached the form as an exhibit to that affidavit. ECF No. 36-2. Nurse Stubbs testified that Plaintiff had a medical screening and observation as provided

by the policies and procedures of the MCDC. *See id.* Plaintiff has not provided any evidence that a policy or custom caused his injury, and the Defendant's evidence establishing that there were policies designed to prevent injuries like Plaintiff's demonstrates that there is no genuine issue of material fact. Accordingly, the Court finds municipal liability is not applicable.

Second, the Court will address Plaintiff's last objection, asserting that summary judgment is inappropriate due to the presence of a genuine issue of material fact. The Court disagrees with the Magistrate Judge's finding that Plaintiff "failed to offer any evidence that his injuries constituted an objectively serious risk of harm." *See* ECF No. 58 at 7. However, the Court agrees that Plaintiff has failed to establish that Defendant knew of and disregarded the risk posed by the Plaintiff's objectively serious medical needs. Therefore, the Court agrees with the Magistrate Judge's ultimate recommendation that summary judgment is appropriate as to Plaintiff's § 1983 claim.

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment, asserted through a § 1983 claim, is essentially the same as that for a convicted prisoner under the Eighth Amendment: deliberate indifference to serious medical needs. *See Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) (quoting *Gordon v. Kidd*, 971 F.2d 1087, 1094 (4th Cir. 1992); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)). To establish deliberate indifference, the Plaintiff must show that the prison official knew of and disregarded "an excessive risk to inmate health or safety" and was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and in fact drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Fourth Circuit defines a serious medical need as "one that has been diagnosed by a physician mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir.

2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)) (internal quotations omitted). Finally, "[i]n order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

While the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."); *see also Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("[A detainee's] mere difference of opinion over matters of expert medical judgment or course of medical treatment fail[s] to rise to the level of constitutional violation.").

The Court finds that Plaintiff has established a genuine issue of fact as to whether he had a serious medical need, and respectfully rejects the Magistrate Judge's finding that Plaintiff provided no evidence establishing a serious medical need. Plaintiff's affidavit and deposition testimony both state that he complained of intense pain after he was arrested at the hospital and confined in the detention center. *See* ECF No. 52-3; ECF No. 52-3 at 45:3-7, 48:9-21. Plaintiff also provided an affidavit from the driver of the vehicle in which Plaintiff was purportedly injured, Titorell Townsend, who testified that he was confined with Plaintiff at the MCDC. He asserts that he heard McDonald call out for assistance and that only one officer responded and explained "that they couldn't do anything for him but prescribe some Tylenol." ECF No. 52-5. Plaintiff stated in his deposition that once he was bonded out of the MCDC he went straight back to the hospital from the prison via ambulance. ECF No. 52-4 at 61:22-25. Corroborating his testimony, Plaintiff provided medical

14

records from after he returned to the hospital which stated that he had suffered a compression fracture of his "T9" vertebrae. ECF No. 52-1. Defendant's Motion for Summary Judgment does not appear to seriously contest whether Plaintiff had a serious medical need, which only strengthens the conclusion that a genuine issue of fact exists on that point. Accordingly, the Court finds that the evidence presented by Plaintiff does establish a genuine issue of fact on this point.

However, this alone is not sufficient for Plaintiff to survive summary judgment on the deliberate indifference claim. To state a valid claim for violation of § 1983, Plaintiff must demonstrate that prison officials "knew of and disregarded" this serious medical need, and that the denial of attention was "deliberate and without legitimate penological objective." *Grayson*, 195 F.3d at 695. Plaintiff put forth evidence, in the form of his own deposition testimony and the affidavit of Townsend, in support of his argument that he voiced his pain but was ignored. *See* ECF No. 52-3 at 45:3-7, 48:9-21; ECF No. 52-5. Review of the record, however, indicates that Plaintiff has not provided any evidence that this purported denial of attention was "deliberate and without legitimate penological objective." *Grayson*, 195 F.3d at 695. In other words, there is no evidence of the requisite intent. Moreover, the Fourth Circuit has held that detention center employees are generally entitled to "rely upon their health care providers' expertise," *see Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990), and nothing in the record indicates that prison officials ignored the expertise of the ER doctor or Nurse Stubbs.

Defendant's evidence only strengthens these conclusions, as it has put forth ample evidence establishing that prison officials made repeated efforts to address Plaintiff's complaints. For example, the affidavit of Nurse W. Stubbs, a licensed nurse practitioner who works at the MCDC, asserts that upon review of the Plaintiff's medical records there was "no indication he complained of

serious back pain during his incarceration, although . . . he asserted he was unable to walk without assistance." ECF No. 36-2 at 1. The Defendant also attached the affidavits of D. Bostic and C. Byers, detention officers at the MCDC, which state that McDonald's complaints of pain were not ignored. *See* ECF 36-4; ECF 36-5. Finally, the Defendant provided the affidavit of Terry Leggette, assistant warden at MCDC, who stated that at no point during McDonald's incarceration were his complaints ignored. ECF No. 36-6 at 2. He stated that the Plaintiff did not make him aware of any serious complaint until discharge, and he assisted in arranging for transportation to the hospital upon discharge once Plaintiff made him aware of the complaint. *Id.* Plaintiff's own deposition testimony corroborates the affidavits that his complaints were not ignored, as he states that the officers came into his cell several times to help him move around. ECF No. 36-3 at 48:9-50:6. Plaintiff also stated that the "jailhouse doctor" came in to see him and that he told the doctor about his problems. *Id.* at 49:6-9.

Defendant's exhibits also establish that the MCDC followed the instructions provided by the emergency room doctor at Marlboro Park Hospital. The discharge instructions informed the Plaintiff of steps to take since he was "seen in the emergency department because of a **minor** accident." ECF No. 36-11 at 2 (emphasis added). The instructions stressed that muscle aches and pains were common after an accident and encouraged using ice and heat on affected areas. *Id.* The instructions reminded the patient to take medicines as directed and to follow up with the indicated physicians. *See id.* at 1–2. Most importantly, the instructions stated that "[y]ou are fortunate to not have been hurt more severely." *Id.* at 2. Plaintiff's own exhibits note that these discharge instructions were given to a caregiver, that "[e]xtended teaching was extensive," and that the care giver "verbaliz[ed] understanding of the discharge instructions." ECF No. 52-1. Plaintiff has not

16

put forth any evidence that he was not given medication as directed by the instructions while at the MCDC, or that any prison official ignored the Hospital's directions. Therefore, this only strengthens the conclusion that prison officials did not "deliberately" ignore Plaintiff's condition.

The Court, therefore, agrees with the Magistrate Judge's ultimate recommendation that summary judgment is appropriate in favor of Defendant on Plaintiff's § 1983 claim, although the analysis is modified as discussed above.

### B. Plaintiff's Remaining Objections

As for Plaintiff's remaining objections, the Court again notes that, as footnote two of this Order sets forth in some detail, the deadline for discovery was set for January 21, 2013. Review of the record indicates that at no time was this deadline extended. Accordingly, the discovery period ended on January 21, 2013. The parties had the opportunity to conduct discovery during the discovery period set forth in the scheduling order.[3] Plaintiff may have discovery questions that are "pertinent" or potential witnesses that he wishes to depose. The proper time for engaging in this activity, however, was during the time period specified in the scheduling order. A request for additional discovery months after the deadline has passed, first raised in objecting to an R & R, is insufficient to establish that summary judgment is premature.[4] Accordingly, Plaintiff's argument that summary judgment is premature is inappropriate.[5]

---

[3] It is undisputed that the Defendant took advantage of the discovery period at the very minimum by deposing the Plaintiff, as both parties have cited to excerpts of his deposition in support of various filings. *See* ECF No. 36-3; ECF No. 60-4.

[4] The Court notes that the need for additional discovery should have been raised earlier by motion to amend the scheduling order and, at the very latest, in Plaintiff's Opposition to Defendant's Motion for Summary Judgment. As the Fourth Circuit has explained, a party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).

Plaintiff's next objection asserts that "questions of fact exist regarding respondeat superior" and notes that one of the "central legal issues of this case" is when an employer may be responsible for the acts of an employee. The doctrine of *respondeat superior* does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Moreover, supervisory liability only arises where the Plaintiff establishes the following:

> that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). As discussed above, Plaintiff has not shown deliberate indifference by any official and thus the *Shaw* standard cannot be met. *See id.* at 799. Accordingly, the Court finds that supervisory liability is not implicated in this matter and overrules this objection accordingly.

Finally, Plaintiff objects on the basis that his Motion to Amend should be granted and that additional discovery will be necessary in the event he is allowed to amend to add the additional proposed defendants. As discussed above, Plaintiff's motion was untimely and futile as to the proposed defendants, and was therefore denied. As a result, Plaintiff's objections, to the extent they are based on the Motion to Amend, are moot.

---

[5] Plaintiff's counsel asserts that she was "under the misimpression given to Plaintiff by the defense that discovery was not over as well as the amended scheduling order did not preclude further discovery." ECF No. 60 at 8. The Court again notes that the Scheduling Order was amended long after the discovery period expired, and that the Amended Scheduling Order made no mention of extending the discovery deadline. If Plaintiff needed an extension of the discovery deadline a proper motion to amend the scheduling order should have been timely filed.

Accordingly, the Court finds the Magistrate Judge's recommendation that summary judgment should be granted as to Plaintiff's § 1983 claim to be proper, with the analysis modified as discussed herein, and Plaintiff's objections to this determination, to the extent they are proper, are overruled.

### III.    Remand of State Law Claims

Defendant also moved for summary judgment on each of Plaintiff's state law tort claims. However, this Court has discretion concerning whether to retain supplemental jurisdiction over state law claims after dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3). Where a case is removed from state court, a district court has discretion to remand the state law claims to state court instead of dismissing the state law claims. Accordingly, the Court finds that remand of the state law claims to the Marlboro County Court of Common Pleas, where this action was initially filed, is appropriate. *See Hinson v. Nw. Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001); *Thompson v. Prince William Cnty.*, 753 F.2d 363, 365 (4th Cir. 1985). The Court notes that it declines to address Defendant's contention that summary judgment should be granted as to the state tort claims and respectfully rejects the portion of the Report and Recommendation which recommends granting summary judgment on these claims.

#### CONCLUSION

For the foregoing reasons, the undersigned adopts in part and respectfully rejects in part the Magistrate Judge's Report and Recommendation. The undersigned **DENIES** Plaintiff's Motion to Amend and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Summary Judgment. The Motion for Summary Judgment is **GRANTED IN PART** as to Plaintiff's claim brought pursuant to 42 U.S.C. § 1983. Given the dismissal of the federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for violation of the

South Carolina Tort Claims Act and the tort of outrage. As such, the Court declines to rule on Defendant's Motion for Summary Judgment to the extent it addresses those causes of action. This action is hereby **REMANDED** to the Marlboro County Court of Common Pleas for further proceedings regarding Plaintiff's remaining causes of action.

    **IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
December 16, 2013